**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK, WHITE PLAINS DIVISION

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Joyce Leslie, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **11-1561441** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **See Attached List of Westchester Stores** | **170 W Commercial Ave**<br>**Moonachie, NJ 07074-1706** |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Westchester** | Location of principal assets, if different from principal place of business |
| County | **New York, New Jersey, Connecticut, and Pennsylvania**<br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)** _____

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership

☐ Other. Specify: _____

Debtor    **Joyce Leslie, Inc.**                                                    Case number (*if known*) _____
       Name

**7.**   **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/.

_____

**8.**   **Under which chapter of the Bankruptcy Code is the Debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**   **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ■ No.

   ☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

   ■ No

   ☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

| Debtor | **Joyce Leslie, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No

- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    - ☐ It needs to be physically secured or protected from the weather.

    - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    - ☐ Other _____

    **Where is the property?** _____
    Number, Street, City, State & ZIP Code

    **Is the property insured?**

    - ☐ No

    - ☐ Yes.   Insurance agency _____
          Contact name _____
          Phone _____

---

███  **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.

- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ■ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50  million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50  million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

---

| Debtor | **Joyce Leslie, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signature

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January  9, 2016**
                MM / DD / YYYY

**X /s/ Lee Diercks**                          **Lee Diercks**
Signature of authorized representative of debtor    Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

**X /s/ Kevin J. Nash**                Date  **January  9, 2016**
Signature of attorney for debtor            MM / DD / YYYY

**Kevin J. Nash**
Printed name

**Goldberg Weprin Finkel Goldstein LLP**
Firm name

**1501 Broadway 22nd Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone    **(212) 221-5700**        Email address    **knash@gwflaw.com**

Bar number and State

## LIST OF WESTCHESTER STORES

1. Rt. 119, 250 Tarrytown Road, White Plains, NY 10603

2. 814 Pelham Parkway, Pelham, NY 10803

3. 561 Boston Post Road, Port Chester, NY 10573

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                          Chapter 11

JOYCE LESLIE, INC.                                              Case No. 16-_____

                                   Debtor.
--------------------------------------------------------x

## RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, Joyce Leslie, Inc. certifies that

it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries

which are publicly held.

Dated: Moonachie, New Jersey                    Joyce Leslie, Inc.
       January 9, 2016

                                        By:   /s/ Lee Diercks_____
                                              Name: Lee Diercks
                                              Title: Chief Restructuring Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Joyce Leslie, Inc. | Case No. 16- _____ (___) |
| Debtor. | |

**DECLARATION OF LEE DIERCKS PURSUANT TO LOCAL BANKRUPTCY**
**RULE 1007-2 AND IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS**

I, Lee Diercks make this Declaration pursuant to 28 U.S.C. §1746:

1.      I am the Chief Restructuring Officer of Joyce Leslie, Inc. (referred to alternatively herein as the "Debtor", "Company" or "Joyce Leslie"), and as such, I am fully familiar with the Debtor's financial and legal affairs, day to day operations, and business strategies.

2.      I respectfully submit this Declaration in support of the Debtor's Chapter 11 filing and the various First Day motions referenced below, which the Debtor anticipates will be heard contemporaneously with the commencement of the proceedings to maintain ongoing business operations pending an anticipated sale of remaining store inventory and various leases in Chapter 11.  If a going concern buyer for the Company cannot be found in the coming weeks, the Debtor is targeting the start of liquidation sales in early February under an agreement with SB Capital Group LLC, Tiger Capital Group, LLC, and 360 Merchant Solutions, LLC (collectively, the "Liquidation Agent").

3.      In the interim, the Debtor is operating as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108 and is filing the following so-called "First Day Motions":

- Motion to Extend Time to File Schedule of Assets and Liabilities and Related Schedules and Statements ("Motion to Extend Time to File Schedules").

- Motion Authorizing Debtor to Pay Certain Pre-petition Wages and Employee Benefits for Accrued Payroll Ending January 9, 2016 ("Wage Motion").

- Motion Approving Forms of Adequate Protection to Various Utility Companies and Establishing Procedures for Resolving Any Objections by the Utility Companies Regarding the Adequate Assurance ("Utilities Motion").

- Motion Authorizing the Debtor to Pay Certain Pre-Petition Sales Taxes and Related Obligations ("Tax Motion").

- Motion Authorizing the Continued Use of the Debtor's Cash Management System, and Authorizing Continued Maintenance of Bank Accounts in Existing Forms ("Cash Management Motion").

- Motion Authorizing Continuation of Certain Customer Practices ("Customer Practices Motion").

- Motion for Appointment of Rust Consulting/Omni Management as Claims and Noticing Agent ("Claims Agent Application") and related Motion to File a List of Creditors in Lieu of Mailing Matrix.

4.      All of the facts set forth in this Declaration are based upon my personal involvement and knowledge with the Debtor, or information supplied by other members of the Debtor's management team and owners.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5.      For ease of reference, my Declaration is divided into various categories and sections, starting with information regarding the corporate structure of Debtor's business, its operating history, capital structure, and the circumstances surrounding the commencement of this Chapter 11 case.  The balance of this Declaration is devoted to the facts supporting each of the proposed First Day Motions.

### Background Relating to the Debtor's Business and Events Leading to Chapter 11

6.      Joyce Leslie is a New York corporation which operates a chain of 47 women's retail clothing stores located throughout New York, New Jersey, Pennsylvania and Connecticut. Joyce Leslie caters to women ages 15-35 living in urban areas and sells a variety of junior women's apparel, ranging from active wear to evening wear.

7.      Joyce Leslie currently employs approximately 730 full-time and part-time workers, many of whom are subject to collective bargaining agreements with A/W SEIU Local 340A and R.A.I.S.E Local 124.

8.      Joyce Leslie was originally founded by Julius Gewirtz and his wife, Hermine, in 1947.   The Debtor's stock is currently held by their adult daughters, Joyce Gewirtz Segal and Nancy Shapiro, as equal 50% equity holders.   Joyce Gewirtz Segal and Nancy Shapiro have worked for Joyce Leslie for four decades and served as the Company's co-presidents for over 12 years.   They were succeeded by M. Celia Clancy, who was appointed chief executive officer on October 6, 2015, in a final effort to internally restructure the business with new merchandizing ideas.   Ms. Clancy is the former chief executive officer of Ashley Stewart.

9.      For many years, Joyce Leslie was a profitable company and enjoyed a niche in the local apparel industry.   However, towards the end of the fiscal year ending in January 2013, Joyce Leslie began to experience a drop in sales.   This decline intensified during the following years as noted below.

| Fiscal Year Ending | January 2012 | January 2013 | January 2014 | January 2015 | January 2016 |
|---|---|---|---|---|---|
| Annual Sales (approximate) | $104 million | $98 million | $87 million | $67 million | $63 million |

10.      In fiscal year 2014, Joyce Leslie negotiated a forbearance agreement with its lead creditors to obtain cash flow relief while it sought out a new Asset Based Lender, which

3

ultimately became HVB Capital Credit LLC ("HVB").   In connection with the forbearance agreement, Joyce Leslie also retained Clear Thinking Group ("Clear Thinking") as its financial consultants with the aim of attempting to streamline certain expenses.

11.     Clear Thinking has continued to be engaged by Joyce Leslie even after completion of the forbearance agreement in late 2014.  I am a partner of Clear Thinking and became Joyce Leslie's Chief Restructuring Officer approximately three months ago as part of our engagement.

12.     The women's retail business remains highly competitive.  The root causes of Joyce Leslie's sales decline are systemic and attributable to, inter alia, a pronounced shift in consumer spending patterns among Joyce Leslie's core customers, increased competition by more nimble competitors, combined with Joyce Leslie's inability to compete in today's technology-driven environment due to the lack of a sophisticated e-commerce platform.

13.     While Clear Thinking has implemented many important reductions in operating expenses (including reductions in payroll, changes in hours, and the hiring of a new CEO), the decline in sales has not been able to be reversed.

14.     As of the Petition Date, the Debtor maintains approximately $4 million of inventory at cost ($10 million retail), located in the various retail stores.  The Debtor maintains executive offices and warehouse facilities in Moonachie, New Jersey, but substantially all of its inventory is located at the store level and there are minimal goods located at the warehouse.

15.     The Debtor also recently satisfied outstanding secured debt owed to Everbank Financial Corp. ("Everbank"), as successor by assignment to HVB, pursuant to a certain revolving credit facility denominated Loan and Security Agreement dated April 22, 2014 (the "Pre-Petition Credit Facility").   Joyce Leslie maintained an average balance of $3.0 million

4

under the Pre-Petition Credit Facility since August 2015, which was secured by substantially all of the Company's assets.

16.     During the week of January 4, 2016, Joyce Leslie fully satisfied the secured debt by paying the balance of $662,000 to Everbank from store collections and the liquidation of a Cash Collateral Bond Account.

17.     Payment of the secured debt was done at the request of Everbank, and Joyce Leslie does not anticipate the need for any additional bank borrowing during the Chapter 11 case and has no remaining secured debt at this time.   Accordingly, the liquidation of assets will be pursued strictly for the benefit of unsecured creditors.   The only residual obligation owed to Everbank is a letter of credit standing as security for the Company's headquarters lease.   This letter of credit is separately collateralized by a separate cash collateral account of $110,000, which does not raise a cash collateral concern.   Everbank is also holding a $250,000 cash deposit for subsequent liabilities or expenses, which will be released in its discretion or upon receipt of a general release from the Company.

**First Day Motions**

18.     The aim of the First Day Motions is to keep Joyce Leslie up and running for a period of approximately 30 days until a going concern buyer can be found or anticipated liquidation sales can begin in earnest.

19.     I have reviewed each of the First Day Motions and I believe that the relief sought is necessary to enable the Debtor continue to operate in Chapter 11 with minimal interruption while it attempts to maximize asset recoveries.

20.     During the next 30 day period, Joyce Leslie will exhaust every last opportunity to procure a going concern buyer for the Company or a bulk buyer for multiple stores.   This effort

started in early 2015, when the Company retained Joyce Greenberg of Oberon Securities, LLC ("Oberon") as its investment banking firm. The Company entered into a revised engagement agreement with Oberon on January 8, 2016. To date, Ms. Greenberg has been unsuccessful in procuring a buyer for the Company, although discussions are still ongoing with at least one potential suitor interested in acquiring a number of stores.

21.    Cognizant of cash flow limitations, the Debtor has a narrow window to pursue a going concern buyer and will not waste time and money on long shot hopes.

22.    The Debtor has already implemented a store closing program with respect to five stores located in New York and New Jersey under the auspices of an agreement with the Liquidation Agent. These stores will be formally closed no later than January 31, 2016 and the leases will be rejected to the extent they have not otherwise expired according to their terms.

**A.    Motion to Extend Time to File Schedules**

23.    The Debtor maintains extensive accounting and computer systems and needs approximately 30 days' additional time to input, review and complete its prepetition books and records. The Debtor has over 700 potential vendors and thousands of items which must be reviewed and inputted into the accounting systems by a reduced staff. The Debtor intends to file the most accurate and complete set of schedules possible and believes an extension is warranted so it can properly address both its reporting and operating requirements during the early stages of the Chapter 11 case.

**B.    Cash Management Motion**

24.    As a component of its borrowing arrangement with Everbank, the Debtor employed an integrated cash management system to collect, transfer, and disburse the funds generated by its store operations (the "Cash Management System"). The Debtor has two

6

depository accounts [TD Bank (18 stores) and Wells Fargo (29 stores)] (the "Depository Accounts") covering all store locations.  Cash sales from the stores and credit card deposits are deposited into the Depository Accounts on a daily basis.  Thereafter, the cash balances are automatically transferred and swept, also on a daily basis, into a Consolidated DACA account previously under the control of Everbank as the Company's Asset Based Lender and maintained at Sterling National Bank.

25.     Although the Consolidated DACA account is no longer under the control of Everbank following satisfaction of secured debt, the daily sweep apparatus still needs to be continued, with the only difference being that the funds will accumulate in the Consolidated DACA account and Joyce Leslie will now direct the outflow of funds from that account as needed to vendors, employees and taxing authorities.

26.     Joyce Leslie maintains operating accounts for general trade disbursements used to pay operating expenses and merchandise payables, and a payroll disbursement account used to pay payroll (the "Operating Accounts").  The Operating Accounts are also maintained at Sterling National Bank and this structure will continue going forward. As of January 9, 2016 the Debtor has cash on hand of approximately $200,000 in its Operating Accounts.

27.     The existing Cash Management System facilitates the Debtor's operations and enables the Debtor to monitor and record the collection and disbursement of funds and maintain control over the administration of its bank activities and ultimately maintain control over its business.

28.     Specifically, both the Consolidated DACA account (where most of the Debtor's cash is held) and the Operating Accounts (from which funds are disbursed to pay vendors, employees, and taxing authorities) all flow through Sterling National Bank.  Consistent with

7

applicable law, the Debtor represents that if it is authorized to continue to use all existing bank accounts at Sterling National Bank, it will not pay, or direct to be paid, any debts incurred before the Petition Date, other than as authorized by this Court.  Upon information and belief, Sterling National Bank is an approved depository under the guidelines issued by the United States Trustee for Region 2.

29.     In sum, the Debtor's Cash Management System is highly automated and cannot be easily changed or modified.  It allows the Debtor to centrally manage all of its cash flow needs and includes the necessary accounting controls to enable the Court, creditors, and other parties in interest to track the funds through the system.  Accordingly, in order to ensure a smooth transition into Chapter 11 and to facilitate the Debtor's efforts to maximize the asset recoveries, the Debtor should be permitted to continue to maintain all of its existing accounts at Sterling National Bank and open new accounts as circumstances warrant; all to be reflected in the Debtor's monthly operating reports so as to ensure proper scrutiny and oversight.

## C.     Wage Motion

30.     The Debtor has a weekly payroll of approximately $300,000 for its store workers and office staff.  The vast majority of the employees work at the store level, while less than 50 full-time employees currently work at the executive offices in Moonachie at a combined salary of approximately $65,000 to $70,000 per week.  The balance of the payroll represents wages to the store employees.  Weekly payroll runs from Sunday to Saturday and payroll checks are issued once a week, usually on Friday.  Payroll is made in arrears.  Accordingly, at the time of the Chapter 11 filing, the pre-petition payroll checks issued on Friday, January 8, 2016 totaling $300,000 will be in circulation for the period ending January 2, 2016.  Additionally, the final

accrued pre-petition payroll for the period ending January 9, 2016 totaling $300,000 is scheduled to be issued on January 15, 2016.

31.     To maintain good will with employees, and to maximize return to the unsecured creditors, the Debtor requests that the Court enter an order, under sections 105(a), 363(b), and 507(a) of the Bankruptcy Code, authorizing the Debtor: (a) to pay its accrued payroll obligations owed to current employees for their unpaid pre-petition payrolls ending January 2 and 9, 2016; and (b) to pay all related pre-petition withholdings, and payroll-related taxes associated with the accrued pre-petition payrolls.

32.     Although the accrued payroll obligations are pre-petition, they constitute priority claims and continued payment in the ordinary course is necessary to avoid employee unrest and thereby avoid potential harm to the Debtor's estate.   Paying pre-petition wages will facilitate good-will with employees and will benefit the Debtor's estate and its creditors by allowing the Debtor to continue to operate most effectively until a going concern buyer can be found or pending post-petition liquidation sales.   Experience dictates that without the ability to honor pre-petition payrolls, there likely will be an unsettled workplace with ensuing interruptions to daily operations.   The amount owed to any employee on account of pre-petition wages and salaries does not exceed $12,475.

**D.     Utilities Motion**

33.     In connection with store operations, the Debtor obtains electricity, telephone, and similar utility products services (collectively, the "Utility Services") from a host of local utility companies covering a number of utility accounts (the "Utility Companies").

34.     On average, the Debtor spent approximately $118,000 each month on account of Utility Services. Not included in the calculation of this amount are certain utilities that are

9

included in the Debtor's rent payments to landlords at certain store locations who are then responsible for paying the relevant utility companies. Some of the Utility Companies hold nominal deposits of less than $10,000 in the aggregate.

35.    Uninterrupted Utility Services are essential to the Debtor's business operations during the pendency of this Chapter 11 case. Should any Utility Company alter, refuse or discontinue service, even for a moment, it would cause significant disruption and jeopardize the Debtor's operations.   Thus, it is essential that the Utility Services continue uninterrupted predicated upon fair and reasonable adequate protection of post-petition deposits totaling approximately $60,000.  This represents approximately one-half the average monthly usage and charges.

E.    **Tax Motion**

36.    Consistent with the desire to maintain continuity, the Debtor also seeks authority to pay state and local sales and use taxes.  Sales tax is collected and becomes due upon the sale of merchandise at the store level.  As of the Petition Date, the Debtor was substantially current in the payment of sales taxes accruing through November 2015.  However, sales tax for the period thereafter ending December 2015 was not yet due, although collected.  The Debtor estimates it is liable for approximately $73,000 in sales tax from the sale of merchandise for the period December 1, 2015 through the Petition Date.  Outside of bankruptcy, this sales tax would otherwise be due in January and February 2016.

37.    The continued payment of sales tax on the scheduled due dates will ultimately benefit the Debtor's estate, since the tax obligations constitute priority claims for which interest and penalties will accrue if not paid. Moreover, if sales tax obligations are not timely paid, the

Debtor will ultimately be required to potentially incur professional fees and other costs to resolve issues over delinquencies.

38.     Further, the Debtor understands that sales tax obligations constitute "trust fund" taxes that subject the Debtor's current officers to personal liability in the event of nonpayment. This creates a further distraction to the Company.  All things considered, the Debtor submits that payment of accrued pre-petition sales tax obligations, without interest or penalties, is in the best interests of creditors.

**F.     Customer Practices Motion**

39.     Since the Chapter 11 filing coincides with the conclusion of the Christmas season, the Debtor has in circulation a number of outstanding gift cards issued primarily within the last 120 days aggregating $214,981.  Additionally, the Debtor also routinely allows for customer returns and maintains a layaway program.  To promote good will with customers, the Debtor seeks authority to maintain certain Customer Programs (as defined and described in detail in the Customer Practices Motion).

40.     The ability to maximize the sale of its inventory is dependent upon maintaining good customer relationships.  Thus, it is a sound business practice to keep the Company's gift card and return policies in place so as to avoid unwarranted ill-will with customers during the critical stages of the Chapter 11 case.

41.     From my experience, I believe that any failure to honor pre-petition gift cards and returns may very well drive away customers and create adverse publicity, thereby hampering the Debtor's future liquidation efforts. Accordingly, the Debtor seeks Court authority to continue the Customer Programs at the Debtor's discretion, although the stores have stopped issuing gift cards as of January 9, 2016.

11

**H.      Claims Agent Motion**

42.      The Debtor requests that Rust Consulting/Omni Bankruptcy be appointed as the claims and noticing agent in this Chapter 11 case, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim.

43.      The Debtor has obtained and reviewed engagement proposals from two (2) other court-approved claims and noticing agents to ensure selection through a competitive process.

44.      The Debtor also seeks related authorization to maintain an electronic creditors' list in lieu of a formatted mailing matrix.

**Schedules Pursuant to Local Rule 1007-2**

45.      Attached hereto and incorporated herein by reference are various schedules setting forth information required pursuant to Local Bankruptcy Rule 1007-2.  Capitalized terms used in the attached schedules that are not otherwise defined therein shall have the meanings ascribed to them in this Declaration.

I declare under the penalty of perjury that the foregoing is correct and true.

Dated: Moonachie, New Jersey                    Joyce Leslie, Inc.
       January 9, 2016

                                           By:      /s/ Lee Diercks
                                             Name: Lee Diercks
                                             Title: Chief Restructuring Officer

X:\GWFG\new data\Yen\word\Joyce Leslie\First Day Motions\Local Rule Affidavit – 1-9-16.docx

12

## SCHEDULE 1[1]
### List of Committees Formed Prior to the Petition Date

Pursuant to Local Rule 1007-2(a)(3), no committees were organized for at least two years prior to the Petition Date.  In connection with the 2014 forbearance agreement, a committee of factoring committee creditors was organized but disbanded in the fall of 2014.

---

[1] Capitalized terms used in the these schedules that are not otherwise defined therein shall have the meanings ascribed to them in the Declaration of Lee Diercks Pursuant to Local Bankruptcy Rule 1007-2 and In Support of First Day Motions.

**SCHEDULE 2**
**Consolidated List of the Holders of the 20 Largest Unsecured Claims**

Pursuant to Local Rule 1007-2(a)(4), the following provides information with respect to the holders of the 20 largest unsecured claims against the Debtor on a consolidated basis.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. The Debtor reserves all rights to assert that any debt or claim listed herein in a disputed claim or debt, and to challenge the priority, nature, amount or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control. The schedule includes estimated outstanding claim amounts as of the Petition Date. The Debtor has excluded from this schedule any claims that will be addressed by the First Day Motions. Any employees and former employees owed amounts under non-qualified pension plans or deferred compensation plans are also not included in this schedule.

| | Creditor | Contact Information | Nature of Claim | Amount of Claim ($) |
|---|---|---|---|---|
| 1. | INTERNATIONAL INTIMATES | 31 W.34TH STREET 9TH FLOOR NEW YORK, NY 10001 732-329-8333 x6226 | Trade | 157,967 |
| 2. | PRIVY, INC. | 933 TOWNE AVENUE # 104 LOS ANGELES, CA 90021 213-986-9877 | Trade | 148,981 |
| 3. | PRIDE & JOYS, INC. | 1400 BROADWAY SUITE #503 NEW YORK, NY 10018 212-594-9820 | Trade | 148,100 (Factored) |
| 4. | GAZE U.S.A. | 1665 MATEO STREET 1ST FLOOR LOS ANGELES, CA 90021 213-622-0585 | Trade | 135,827 |
| 5. | LOUISE PARIS LTD | ATTN:ROSEANNE OR PAUL 1407 BROADWAY SUITE 1405 NEW YORK, NY 10018 212-354-5411 x239 | Trade | 123,528 (Factored) |
| 6. | GOLDEN TOO | 1410 BROADWAY NEW YORK, NY 10018 212-239-4657 | Trade | 118,725 (Factored) |
| 7. | AMERICAN ATTITUDE | DIV. KNITWORK PRODUCTION 1410 BROADWAY 24 TH FLOOR NEW YORK, NY 10018 212-398-8181 x259 | Trade | 107,949 (Factored) |
| 8. | LEVCO ROUTE 46 ASSOC | 80 MAIN STREET STE 510 WEST ORANGE, NJ 07052 | Landlord | 92,555 |

| | | | | |
|---|---|---|---|---|
| | | 973-325-0011 | | |
| 9. | AIRPORT PLAZA, LLC. | PO BOX 6203 DEPT CODE:SNYF1363A HICKSVILLE, NY 11802-6203 516-869-7151 | Landlord | 86,553 |
| 10. | JUST ONE LLC/SECRET LACE | 1450 BROADWAY 21ST FLOOR NEW YORK, NY 10018 212-302-2336 | Trade | 85,663 (Factored) |
| 11. | HOT STEPS INC | 236 5TH AVENUE 3RD FLOOR NEW YORK, NY 10001 212-481-9090 | Trade | 85,346 |
| 12. | FASHION AVENUE KNITS, INC | 525 7TH AVENUE 4TH FLOOR NEW YORK, NY 10018 718-456-9000 x849 | Trade | 80,653 (Factored) |
| 13. | ONE STEP UP | 1412 BROADWAY A/R DEPT.3RD FLOOR NEW YORK, NY 10018 212-398-1110 | Trade | 80,513 |
| 14. | TEENBELL | 906 E 60TH STREET LOS ANGELES, CA 90001 323-234-9200 | Trade | 74,734 (Factored) |
| 15. | ROSEE FASHION INC | 1407 BROADWAY SUITE 2021 NEW YORK, NY 10018 212-221-3992 | Trade | 74,515 |
| 16. | A-3 DESIGN | 1015 S.CROCKER ST. UNIT #R-22 LOS ANGELES, CA 90021 213-746-3332, 213-746-3322 | Trade | 74,233 (Factored) |
| 17. | NYC DEPT. OF FINANCE | QUEENS BLOCK 4974 LOT 45 PO BOX 680 NEWARK, NJ 07101-0680 212-639-9675 | Trade | 70,739 |
| 18. | RPAI US MANAGEMENT LLC | LOCKBOX #774500 4500 SOLUTIONS CENTER CHICAGO, IL 60677-4005 646-328-1232, 410-764-3222x1315 | Landlord | 70,670 |
| 19. | JESCO FOOTWEAR GROUP INC. | 37 WEST 37TH STREET SUITE 301 NEW YORK, NY 10018-6225 212-391-5956 | Trade | 70,148 |
| 20. | ALMOST FAMOUS | 270 W.38TH ST. 19TH FLOOR NEW YORK, NY 10018 212-764-2121 x205 | Trade | 70,049 (Factored) |

## SCHEDULE 3
### Consolidated List of the Holders of the 5 Largest Secured Claims

Pursuant to Local Rule 1007-2(a)(5), there are no conventional secured creditors except that Everbank holds a corresponding $110,000 security as collateral for the Debtor's reimbursement obligations under a letter of credit issued to the landlord for the Debtor's headquarters, Paradiso & Rosen Management LLC.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. The Debtor reserves all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount or status of any such claim or debt. The descriptions of the collateral securing the underlying obligations are intended only as brief summaries. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

|    | Creditor | Contact Information | Description of Collateral | Amount of Claim |
|----|----------|---------------------|---------------------------|-----------------|
| 1. | Everbank | 10 Waterview Boulevard Parsippany, NJ 07054 | Corresponding cash reserve | $110,000 and $250,000 cash deposit |
| 2. |          |                     |                           |                 |
| 3. |          |                     |                           |                 |
| 4. |          |                     |                           |                 |
| 5. |          |                     |                           |                 |

**SCHEDULE 4**
**Summary of the Debtor's Assets and Liabilities**

Pursuant to Local Rule 1007-2(a)(6), the following financial data (unaudited and subject to change) is the latest available information and reflects the Debtor's financial condition as of Petition Date.

The following financial data shall not constitute an admission of liability by the Debtor. The Debtor reserves all rights to assert that any debt or claim included herein is a contingent, unliquidated or disputed claim or debt or challenge the priority, nature, amount or status of any claim or debt.

Total Assets (approximate):        $7 million[*]
Total Liabilities (approximate):   $9 million[**]

---

[*] Inventory valued at cost plus projected value for lease.

[**] Trade and vendor debt, without respect to claims or pension withdrawal liability.

**SCHEDULE 5**
**List of Equity Holders**

Pursuant to Local Rule 1007-2(a)(7), the following chart sets forth a list of the equity holders of the Debtor, and the number of shares held by each holder.

| Name | Shares Owned | Percent Ownership |
|---|---|---|
| Joyce Gewirtz Segal | 400,000 | 50% |
| Nancy Shapiro | 400,000 | 50% |

**SCHEDULE 6**
**List of Debtor's Property In the Possession of Third Parties**

Pursuant to Local Rule 1007-2(a)(8), none of the Debtor's property is in the possession or custody of any custodian, public officer, mortgage, pledge, assignee of rents, secured creditor, or agent for any such entity:

In the ordinary course of business, property of the Debtor is likely to be in possession of various other persons, including suppliers, maintenance providers, shippers, common carries, custodians, public officer, or agents.

As of the Petition Date, the Debtor estimates that the value of goods in the possession of carriers, shippers or other logistics providers is nil. Substantially all of its inventory is located in its retail stores.

## SCHEDULE 7
### Summary of Property From Which the Debtor Operates Its Business

Pursuant to Local Rule 1007-2(a)(9), the following lists the property or premises owned, leased or held under other arrangement from which the Debtor operates its business.

| Store # | Store Address | Landlord Name & Address | Lease Expires |
|---|---|---|---|
| 6 | 1711 State, Rt 10 & 202, Morris Plains, NJ 7950 | Vornado Realty Trust 210 Route 4 East, Paramus, NJ 7074, Attn: June Fisher, VNO | 2/28/16 |
| 7 | 193 Glen Cove Road, Carle Place, NY 11514 | Glen Cove Road Realty Associates, LLC PO Box 1026, Melville, NY 11747, Attn: Myron D Vogel, Managing Partner | 2/28/16 |
| 8 | 213 Airport Plaza, Farmingdale, NY 11735 | Kimco Realty - New York Metropolitan Region 3333 New Hyde Park Road, New Hyde Park, NY 11042-0020, Attn: Tom Pira, Senior Director of Real Estate | 3/31/20 |
| 9 | 6500 Jericho Turnpike, Commack, NY 11725 | Feil Organization 7 Penn Plaza, New York, NY 10001, Attn: Brian Palumbo, Esq. | 10/31/17 |
| 12 | 2839 Kennedy Blvd, Jersey City, NJ 7306 | Mrs. Hermine Gewirtz 150 East 69th Street Apt. 28H New York, NY 10021 | 12/31/15 |
| 18 | 494-496 Broadway, Bayonne, NJ 7002 | GoldBrun Realty LLC 1056 East 7th Street, Brooklyn, NY 11230, Attn: Michael Goldman | 10/14/20 |
| 19 | 561 Boston Post Rd, Port Chester, NY 10573 | AVR-=Portchester, LLC One Executive Blvd, Yonkers, NY 10701, Attn: Joseph Meyers, Esq. | 2/28/18 |
| 23 | 100 Hawley Lane, Trumbull, CT 6611 | NRDC 3 Manhattanville Rd, Suite 202, Purchase, NY 10577, Attn: Wayne E. Heller, Esq. | 8/31/16 |
| 24 | 214 Enterprise Drive, Rockaway, NJ 7866 | Market Place at Rockaway, LLC 2025 Route 27, Suite 220, Edison, NJ 8817, Attn: Robert R. Levinson, Esq. | 8/31/15 |

| 25 | 1701-63 Rt 22 West, Watchung, NJ 7060 | Levin Management Company 975 US Highway 22, N Plainfield, NJ 7061, Attn: Stacy Garrity, Esq. | 1/31/18 |
|---|---|---|---|
| 26 | Rt 119 250 Tarrytown Rd, White Plains, NY 10603 | Hutch Tarrytown LLC 1250 Waters Place, Penthouse 1, Bronx, NY 10461, Attn: Stepen A. Linde, Esq. | 2/28/20 |
| 27 | 765 N Delsea Dr, Heston Rd, Glassboro, NJ 8028 | Brixmoor Property Group One Fayette Street, Suite 300, Conshohocken, PA 19423, Attn: Kasey L. Fogleman | 1/31/19 |
| 28 | 1350 Deer Park Ave, N Babylon, NY 11703 | C&H 1350 Associates, LLC 265 Pine Ridge Road, Buffalo, NY 14225, Attn: Mark G Spellman, Esq. | 9/30/16 |
| 30 | 3001 Cheltenham Rd, Suite 2000, Wyncote, PA 19095 | East Cedarbrook Plaza, LLC 370 Seventh Avenue, Suite 1700, New York, NY 10001, Attn: Ilan Dilmanian, Esq. | 5/31/15 |
| 31 | 493 River Road, Edgewater, NJ 07020-1145 | Kimco Realty - New York Metropolitan Region 3333 New Hyde Park Road, New Hyde Park, NY 11042-0020, Attn: Tom Pira, Senior Director of Real Estate | 11/30/23 |
| 32 | 4345 US Highway 9, Unit 2, Freehold, NJ 7728 | Stavola Realty Corp 620 Tinton Ave, Bldg B, Suite 200, Tinton, NJ 7724, Attn: Gary J Vialonga, President | 8/31/21 |
| 33 | 2109 Ralph Avenue, Brooklyn, NY 11234 | Astoria Holding Corp. 2181 Ralph Avenue, Brooklyn, NY 11234, Attn: David Sternschuss, Esq. | 1/31/22 |
| 35 | 4979 Stelton Road, South Plainfield, NJ 7080 | NRDC 3 Manhattanville Rd, Suite 202, Purchase, NY 10577, Attn: Wayne E. Heller, Esq. | 5/31/20 |
| 36 | 264 N Middle Country Rd, Coram, NY 11727 | RPAI US Management LLC 2021 Spring Road, Oak Brook, IL 60523, Attn: Michael Haddad, Esq. | 11/30/15 |
| 37 | 22-33 Cottman Avenue, Philadelphia, PA 19149 | Brixmoor Property Group One Fayette Street, Suite 300, Conshohocken, PA 19423, Attn: Kasey L. Fogleman | 12/31/21 |

| 38 | 2539 Castor Avenue, Philadelphia, PA 19134 | Belgrade and Thompson Associates Two Bala Plaza, Suite 526, Bala Cynwyd, PA 19004, Attn: Jerald S Batoff, President | 10/31/16 |
|---|---|---|---|
| 39 | 2575 Hempstead Turnpike, East Meadow, NY 11554 | Nassimi Realty, LLC 370 Seventh Ave, Suite 1700, New York, NY 10001-3903, Attn: Ilan Dilmanian, Esq. | 4/30/18 |
| 41 | 2147 86th St, Brooklyn, NY 11214 | Leona Meisel and Abigail Meisel, c/o Dr. Arthur M. Meisel 30 Fifth Avenue, New York, NY 10011, Attn: Andrew Feldman, Esq. | 1/31/20 |
| 43 | 1126 Echelon Mall, Voorhees, NJ 8043 | Echelon Title LLC 200 South Broad Street, Philadelphia, PA 19102, Attn: Charles Cristella | 1/31/17 |
| 45 | 145 West Route 4, Paramus, NJ 8043 | AJG Enterprises, LLC 1105 Arcadian Way, Fort Lee, NJ 7024, Attn: W. Hope Player | 9/30/26 |
| 46 | 333 State Rt 18, East Brunswick, NJ 8818 | Vornado Realty Trust 210 Route 4 East, Paramus, NJ 7074, Attn: June Fisher, VNO | 1/31/18 |
| 48 | 159 Route 73 South, Marlton, NJ 8053 | Brixmoor Property Group One Fayette Street, Suite 300, Conshohocken, PA 19423, Attn: Kasey L. Fogleman | 10/31/16 |
| 49 | 1555 Almonesson Road, Deptford, NJ 8096 | Goldenberg Group 350 Sentry Parkway, Suite 300, Blue Bell, PA 19422, Attn: Adam Rosenzweig, VP | 12/31/19 |
| 51 | 656 Main Avenue, Passaic, NJ 7055 | Mrs. Hermine Gewirtz 150 East 69th Street Apt. 28H New York, NY 10021 | 12/31/15 |
| 56 | 630 Rt 70 & Chambersbridge Rd, Bricktown, NJ 8724 | Vornado Realty Trust 210 Route 4 East, Paramus, NJ 7074, Attn: June Fisher, VNO | 1/31/16 |
| 58 | 1851 Columbus Blvd, Philadelphia, PA 19134 | Delaware 1851 Associates, LP 44 South Bales Avenue, Port Washington, NY 11050-3765, Attn: Mark Wampler AVP Ops | 3/31/18 |

| 59 | 254 East Sunrise Highway, Freeport, NY 11520 | Kimco Realty - New York Metropolitan Region 3333 New Hyde Park Road, New Hyde Park, NY 11042-0020, Attn: Tom Pira, Senior Director of Real Estate | 12/31/18 |
|----|---|---|---|
| 61 | 2920 Fox Street, Philadelphia, PA 19129 | TKMG Associates, LP 120-124 E Lancaster Avenue, Suite 101, Ardmoore, PA 19003, Attn: Richard Koory | 10/31/23 |
| 63 | 236 Woodbridge Center, Woodbridge, NJ 7095 | General Growth Properties, Inc 110 N Wacker Drive, 1-25, Chicago, IL 60606, Attn: Karen Ercoli, Esq. | 7/31/17 |
| 66 | 1334 Lakewood Road, Toms River, NJ 8753 | Indian Head Plaza Associates 1051 Bloomfield Avenue, Clifton, NJ 7012, Attn: Neal Herstik, Esq., Raymond J. Kunz (JK Mngmt) | 3/31/12 |
| 67 | 260 Consumer Square, Mays Landing, NJ 8330 | Developers Diversified Realty Corporation 3300 Enterprise Parkway, Beachwood, OH 44122, Attn: Lou Ann Anghel | 1/31/16 |
| 68 | 1439 State Rd #35, Middletown, NJ 7748 | Brixmoor Property Group One Fayette Street, Suite 300, Conshohocken, PA 19423, Attn: Kasey L. Fogleman | 8/31/18 |
| 75 | 1825 Highway 35, Suite #6, Wall Township, NJ 7719 | Levcom Wall Plaza Associates 1051 Bloomfield Avenue, Clifton, NJ 7012, Attn: Neal Herstik, Esq., Raymond J. Kunz (JK Mngmt) | 8/31/12 |
| 78 | 220 Universal Drive North, North Haven , CT 6473 | NRDC 3 Manhattanville Rd, Suite 202, Purchase, NY 10577, Attn: Wayne E. Heller, Esq. | 10/31/19 |
| 79 | 814 Pelham Parkway, Pelham, NY 10803 | P/A Acadia Pelham Manor, LLC - c/o Acadia Realty Trust 1311 Mamaroneck Avenue, Suite 260, White Plains, NY 10605, Attn: Michael Haddad, Esq. | 11/30/20 |
| 82 | 37-28 Main Street, Flushing, NY 11354 | 3724 Main Street Owners LLC, c/o Margot Burgheimer 29 Greenhaven Road, Rye, NY 10580, Attn: Charles A. Bradford, Trustee | 4/30/17 |

4

| 84 | 1650 Rt 46 West, Woodland Park, NJ 7424 | Levco Route 46 Associates 1051 Bloomfield Avenue, Clifton, NJ 7012, Attn: Neal Herstik, Esq. | 12/31/18 |
|---|---|---|---|
| 85 | 2100 Route 38, Cherry Hill, NJ 8002 | Acrick Associates 187 Millburn Ave, Suite 6, Millburn, NJ 7041, Attn: Irwin Ackerman | 1/31/17 |
| 87 | 56-48 Myrtle Avenue, Ridgewood, NY 11385 | Myrtle Ave Development Partners c/o Big Investors 240 Kent Avenue Brooklyn, NY 11249 Attn: Albert Behin | 1/31/16 |
| 88 | 1393 Boston Post Road, Milford, CT 6460 | Ceruzzi Holdings, LLC 1720 Post Road, Fairfield, CT 6824, Attn: Ms. Cynthia E Ellis Esq, Associate General Counsel,  John Knofla | 4/30/17 |
| 93 | 470 Route 211 East, Suite 8, Middletown, NY 10940 | NRDC 3 Manhattanville Rd, Suite 202, Purchase, NY 10577, Attn: Wayne E. Heller, Esq. | 9/30/17 |
| 95 | 2180 Macarthur Road, Whitehall, PA 18052 | Brixmoor Property Group One Fayette Street, Suite 300, Conshohocken, PA 19423, Attn: Kasey L. Fogleman | 10/31/17 |
| 99 | 170 W. Commercial Ave, Moonachie , NJ 07074 | Paradiso Rosen Management 68 Southfield Acw, Suite 100, Stamford, CT 6902, Attn: Adrianna Paradiso/Nathan Rosen | 11/30/19 |

**SCHEDULE 8**
**Location of the Debtor's Assets, Books and Records**

Pursuant to Local Rule 1007-2(a)(10), the following lists the locations of the Debtor's substantial assets, the location of its books and records, and the nature, location and value of any assets held by the Debtor outside the territorial limits of the United States.

**Location of Debtor's Substantial Assets**

The Debtor has assets of approximately $7 million (unaudited and subject to change), with substantial assets in the states of New York, New Jersey, Pennsylvania, and Connecticut.

**Books and Records**

The Debtor's books and records are located at 170 W Commercial Avenue, Moonachie, New Jersey 07074.

**Debtor's Assets Outside the United States (if applicable)**

The Debtor does not have assets outside of the United States.

## SCHEDULE 9
### Summary of Legal Actions Against the Debtor

Pursuant to Local Rule 1007-2(a)(11), the following is a list of the nature and present status of each material action or proceeding, pending or threatened, against the Debtor or its properties where a judgment against the Debtors or a seizure of their property may be imminent.

| Action | Court and Case No. | Nature of Action | Status |
|---|---|---|---|
| Milberg Factors, Inc. v. Joyce Leslie | Supreme Court of the State of New York 163000/2015 | Breach of Contract | Pending |
| Glen Cove Road Realty Associates, LLC v. Joyce Leslie, Inc. | Nassau County District Court 600066/2016 | Eviction proceeding | Pending |
| Neman Brothers & Assocs., Inc. et al. v. Joyce Leslie, Inc., et al. | US District Court Central District of California | Copyright Infringement Lawsuit | Pending |
| Star Fabrics, Inc. v Joyce Leslie, Inc., et al. | US District Court Central District of California | Copyright Infringement Lawsuit | Pending |
| Zvi Shor v. Joyce Leslie, Inc., et al. | Superior Court of New Jersey, Bergen County - Small claims division | Non-payment | Pending |
| Novelty Textile, Inc. v. Joyce Leslie, Inc., et al. | US District Court Central District of California | Copyright infringement | Pending |
| Star Fabrics, Inc. v. Joyce Leslie, Inc., et al. | US District Court Central District of California | Copyright infringement | Pending |
| Royal Printex Inc v Joyce Leslie, Inc., et al. | US District Court Central District of California | Copyright infringement | Pending - informal resolution reached with plaintiff and once a formal agreement is in place the case will be dismissed. |
| Unicolors Inc.. v Joyce Leslie, Inc., et al. | US District Court Central District of California | Copyright infringement | Pending |
| Demand Letter from Texkhan, Inc. dated September 25, 2015 | N/A | Copyright infringement | Threatened |

| Demand Letter from Novelty Textile, Inc. dated July 21, 2015 | N/A | Copyright infringement | Threatened |
| Various Personal Injury Lawsuits Being Handled by Assigned Counsel Pursuant to the Debtor's General Liability Insurance Policy | N/A | Personal injury | Pending |

**SCHEDULE 10**
**Senior Management**

Pursuant to Local Rule 1007-2(a)(12), the following provides the names of the individuals who comprise the Debtor's existing senior management, a description of their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience.

| Name | Position & Responsibilities |
|------|------------------------------|
| M. Celia Clancy | CEO with over 36 years of experience as an executive in retail/consumer products businesses. |
| Peter Left | CFO with over 42 years of experience as an executive in retail/consumer products businesses. |
| Raymond Siconolfi | Controller with over 40 years of experience as an executive in retail/consumer products businesses. |
| Lee Diercks | Executive with over 39 years of experience with retail/consumer products.  Appointed as non-employee CRO in October 2015. |

## SCHEDULE 11
## Payroll

Pursuant to Local Rule 1007-2(b)(1)-(2)(A) and (C), the following provides the estimated amount of weekly payroll to be paid to the Debtor's employees (not including officers and directors) and the estimated amount to be paid to officers, directors, and financial and business consultants retained by the Debtor, for the 30-day period following the filing of the Chapter 11 petition.

| Payments to Employees, Officers, and Directors | |
| --- | --- |
| Payments to Employees (excluding Officers) | $1,200,000 |
| Payments to Officers | $53,000 |

| Payments to Financial and Business Consultants | |
| --- | --- |
| Expected payments to bankruptcy professionals over the 30-day period following Chapter 11 filing.  Payments to Debtor's counsel and Clear Thinking Group are all subject to Bankruptcy Court approval. | $0 |

## Cash Receipts and Disbursements,
## Net Cash Gain or Loss, Unpaid Obligations and Receivables

Pursuant to Local Rule 1007-2(b)(3), the following provides, for the 30-day period following the Petition Date, the estimated cash receipts and disbursements, net cash increase or decrease, and obligations and receivables expected to accrue that remain unpaid, other than professional fees, on a consolidated basis.

| | |
| --- | --- |
| Cash Receipts | $1.9 million |
| Cash Disbursements | $1.9 million |
| Net Cash Increase (Decrease) | $0 |
| Unpaid Obligations | $70,000 (January 2016 sales tax due in February 2016) |
| Unpaid Receivables | $0 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                          Chapter 11

JOYCE LESLIE, INC.                              Case No. 16-_____

                              Debtor.
------------------------------------------------------------x

## CORPORATE RESOLUTIONS

At a special meeting of the Board of Directors of Joyce Leslie, Inc. (the "Company")

held on January 7, 2016 and after motion duly made, seconded and unanimously carried, it was:

**RESOLVED**, that Lee Diercks, as Chief Restructuring Officer of the Company, is authorized to execute a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code and all related papers, motions and applications, and to cause the filing thereof on behalf of the Company; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP, as bankruptcy counsel for the purposes of prosecuting the Chapter 11 case; and it is further

**RESOLVED**, the Company is authorized to retain the Clear Thinking Group as the Company's financial and restructuring advisors in the Chapter 11 case pursuant to the pre-existing engagement letter.

**RESOLVED**, the Company is authorized to retain Oberon Securities, LLC as the Company's investment advisor in the Chapter 11 case pursuant to engagement letter dated January 7, 2016.

**RESOLVED**, the Company is authorized to continue the retention of SB Capital Group LLC, Tiger Capital Group, LLC, and 360 Merchant Solutions, LLC ("SB Capital") as the Company's liquidation agent for five stores that are in the process of being liquidated and closed out, and continue negotiations with SB Capital in an effort to complete an Agency Agreement for liquidation of the Company's remaining stores and inventory.

**RESOLVED**, the Company is authorized to retain Rust Consulting/Omni Bankruptcy as the Company's claims and noticing agent in the Chapter 11 case pursuant to engagement letter dated January 6, 2016.

Dated: New York, New York
January 7, 2016

Joyce Leslie, Inc.

By:
Name: Nancy Shapiro
Title:   Board Member

By:
Name:  Joyce Gewirtz Segal
Title:   Board Member

| Debtor name | **Joyce Leslie, Inc.** |
|---|---|

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

Case No. (If known) _____

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1  International Intimates Attn: Iris Margulies 31 W.3 4th Street 9th Floor New York, NY 10001 | International Intimates Attn: Iris Margulies 31 W.3 4th Street 9th Floor New York, NY 10001 Tel: 732-329-8333 x6226 Email: irism@renefore.com | Trade | | $157,967.00 | | $157,967.00 |
| 2  Privy, Inc. Attn: Danny Park 933 Towne Avenue # 104 Los Angeles, CA 90021 | Privy, Inc. Attn: Danny Park 933 Towne Avenue # 104 Los Angeles, CA 90021 Tel: 213-986-9877 Email: danny@privyla.com | Trade | | $148,981.00 | | $148,981.00 |
| 3  Pride & Joys, Inc. Attn: Eli Rousso 1400 Broadway Suite #503 New York, NY 10018 | Pride & Joys, Inc. Attn: Eli Rousso 1400 Broadway Suite #503 New York, NY 10018 Tel: 212-594-9820 Email: pridejoyid@aol.com | Trade | | $148,100.00 (Factored) | | $148,100.00 |
| 4  Gaze U.S.A. Attn: Paul 1665 Mateo Street 1St Floor Los Angeles, CA 90021 | Gaze U.S.A. Attn: Paul 1665 Mateo Street 1St Floor Los Angeles, CA 90021 Tel: 213-622-0585 Email: paul@gazeusa.com | Trade | | $135,827.00 | | $135,827.00 |

| Debtor name | Joyce Leslie, Inc. |
|---|---|

## UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case No. (If known)    A

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  Louise Paris Ltd Attn: Roseanne Coiro Attn: Roseanne or Paul 1407 Broadway Suite 1405 New York, NY 10018 | Louise Paris Ltd Attn: Roseanne Coiro Attn: Roseanne or Paul 1407 Broadway Suite 1405 New York, NY 10018 Tel: 212-354-5411 x239 Email: rosanne@louiseparis.com | Trade | | $123,528.00 (Factored) | | $123,528.00 |
| 6  Golden Too Attn: Angela Chiu 1410 Broadway New York, NY 10018 | Golden Too Attn: Angela Chiu 1410 Broadway New York, NY 10018 Tel: 212-239-4657 Email: ar@gtimports.net | Trade | | $118,725.00 (Factored) | | $118,725.00 |
| 7  American Attitude Attn: David Sapiro Div. Knitwork Production 1410 Broadway 24th Floor New York, NY 10018 | American Attitude Attn: David Sapiro Div. Knitwork Production 1410 Broadway 24th Floor New York, NY 10018 Tel: 212-398-8181 x259 Email: daveen27@aol.com | Trade | | $107,949.00 (Factored) | | $107,949.00 |
| 8  Levco Route 46 Assoc Attn: Andrea Mandelbaum & Mandelbaum 80 Main Street Ste 510 West Orange, NJ 07052 | Levco Route 46 Assoc Attn: Andrea Mandelbaum & Mandelbaum 80 Main Street Ste 510 West Orange, NJ 07052 Tel: 973-325-0011 Email: andreal@mandelbaumfirm.com | Landlord | | $92,555.00 | | $92,555.00 |
| 9  Airport Plaza, LLC Attn: Greg Essopos Po Box 6203 Dept Code: Snyf1363A Hicksville, NY 11802-6203 | Airport Plaza, LLC Attn: Greg Essopos Po Box 6203 Dept Code: Snyf1363A Hicksville, NY 11802-6203 Tel: 516-869-7151 Email: gessopos@kimcorealty.com | Landlord | | $86,553.00 | | $86,553.00 |

| Debtor name | Joyce Leslie, Inc. |

# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case No. (If known)    A

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 10  Just One LLC/Secret Lace<br>Attn: Anna Nikitina<br>Hot Soup/Black Fuchsia<br>1450 Broadway 21st Floor<br>New York, NY 10018 | Just One LLC/Secret Lace<br>Attn: Anna Nikitina<br>Hot Soup/Black Fuchsia<br>1450 Broadway 21st Floor<br>New York, NY 10018<br>Tel: 212-302-2336<br>Email: annan@justonellc.com | Trade | | $85,663.00<br><br>(Factored) | | $85,663.00 |
| 11  Hot Steps Inc<br>Attn: Lisa<br>236 5Th Avenue<br>3Rd Floor<br>New York, NY 10001 | Hot Steps Inc<br>Attn: Lisa<br>236 5Th Avenue<br>3Rd Floor<br>New York, NY 10001<br>Tel: 212-481-9090<br>Email: hotsteps1@aol.com | Trade | | $85,346.00 | | $85,346.00 |
| 12  Fashion Avenue Knits, Inc<br>Attn: Hema Totaram<br>525 7Th Avenue<br>4Th Floor<br>New York, NY 10018 | Fashion Avenue Knits, Inc<br>Attn: Hema Totaram<br>525 7Th Avenue<br>4Th Floor<br>New York, NY 10018<br>Tel: 718-456-9000 x849<br>Email: hema@fashionavenueknits.com | Trade | | $80,653.00<br><br>(Factored) | | $80,653.00 |
| 13  One Step Up<br>Attn: Ann Reyes<br>1412 Broadway<br>A/R Dept., 3rd Floor<br>New York, NY 10018 | One Step Up<br>Attn: Ann Reyes<br>1412 Broadway<br>A/R Dept., 3rd Floor<br>New York, NY 10018<br>Tel: 212-398-1110<br>Email: ar@onestepup.com | Trade | | $80,513.00 | | $80,513.00 |
| 14  Teenbell<br>Attn: Kim Kay<br>906 E 60th Street<br>Los Angeles, CA 90001 | Teenbell<br>Attn: Kim Kay<br>906 E 60th Street<br>Los Angeles, CA 90001<br>Tel: 323-234-9200<br>Email: teenbelljunior@yahoo.com | Trade | | $74,734.00<br><br>(Factored) | | $74,734.00 |

Debtor name **Joyce Leslie, Inc.**

# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case No. (If known)    **A**

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 15 Rosee Fashion Inc<br>Attn: Victor<br>1407 Broadway<br>Suite 2021<br>New York, NY 10018 | Rosee Fashion Inc<br>Attn: Victor<br>1407 Broadway<br>Suite 2021<br>New York, NY 10018<br>Tel: 212-221-3992<br>Email: victor.alfaks@yahoo.com | Trade | | $74,515.00 | | $74,515.00 |
| 16 A-3 Design<br>Attn: John<br>1015 S. Crocker St.<br>Unit #R-22<br>Los Angeles, CA 90021 | A-3 Design<br>Attn: John<br>1015 S. Crocker St.<br>Unit #R-22<br>Los Angeles, CA 90021<br>Tel: 213-746-3332, 213-746-3322 | Trade | | $74,233.00<br><br>(Factored) | | $74,233.00 |
| 17 Nyc Dept. Of Finance<br>Queens Block 4974 Lot 45<br>Po Box 680<br>Newark, NJ 07101-0680 | Nyc Dept. Of Finance<br>Queens Block 4974 Lot 45<br>Po Box 680<br>Newark, NJ 07101-0680<br>Tel: 212-639-9675 | Trade | | $70,739.00 | | $70,739.00 |
| 18 Rpai Us Management LLC<br>Attn: Storey Hess, Mark Perin<br>Lockbox #774500<br>4500 Solutions Center<br>Chicago, IL 60677-4005 | Rpai Us Management LLC<br>Attn: Storey Hess, Mark Perin<br>Lockbox #774500<br>4500 Solutions Center<br>Chicago, IL 60677-4005<br>Tel: 646-328-1232, 410-764-3222x1315<br>Email: hess@rpai.com, perin@rpai.com | Landlord | | $70,670.00 | | $70,670.00 |
| 19 Jesco Footwear Group Inc.<br>Attn: Molly Creese<br>37 West 37th Street<br>Suite 301<br>New York, NY 10018-6225 | Jesco Footwear Group Inc.<br>Attn: Molly Creese<br>37 West 37th Street<br>Suite 301<br>New York, NY 10018-6225<br>Tel: 212-391-5956<br>Email: info@jesco.com | Trade | | $70,148.00 | | $70,148.00 |

**Debtor name** Joyce Leslie, Inc.

# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

**Case No. (If known)** A

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 20  Almost Famous<br>Attn: Jamie Haygood<br>Younique Brand<br>270 W.38Th St. 19th Floor<br>New York, NY 10018 | Almost Famous<br>Attn: Jamie Haygood<br>Younique Brand<br>270 W.38Th St. 19th Floor<br>New York, NY 10018<br>Tel: 212-764-2121 x205<br>Email: jamieh@almostfamousclothing.com | Trade | | $70,049.00<br><br>(Factored) | | $70,049.00 |

Page 5 of  5

**Fill in this information to identify the case:**

Debtor name **Joyce Leslie, Inc.**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK, WHITE PLAINS DIVISION

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **January  9, 2016**    X **/s/ Lee Diercks**
Signature of individual signing on behalf of debtor

**Lee Diercks**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor