**TRENK, DIPASQUALE,
DELLA FERA & SODONO, PC**
Richard D. Trenk
Henry M. Karwowski
347 Mount Pleasant Avenue, Suite 300
West Orange, NJ 07052
Tel: (973) 243-8600
Fax: (973) 243-8677
Attorneys for Midway Industrial Terminal, LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 16-22035 (RDD) |
|  | Chapter 11 |
| JOYCE LESLIE, INC., |  |
|  | Hearing Date: March 1, 2016 at 10:00 a.m. |
| Debtor. |  |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR ENTRY
OF ORDER PURSUANT TO 11 U.S.C. § 362(d) GRANTING RELIEF
FROM AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Midway Industrial Terminal, LLC (the "Landlord"), by its counsel, Trenk, DiPasquale, *et al.*, PC, as and for its Reply to the Opposition of the Debtor Joyce Leslie, Inc. (the "Debtor") to the Landlord's Motion for entry of an order pursuant to 11 U.S.C. § 362(d) granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to allow the Landlord to enforce its rights in, and remedies in and to, a certain Irrevocable Standby Letter of Credit issued by Sterling National Bank (the "Bank"), as Successor to Hudson Valley Bank, NA, in connection with a certain Agreement of Lease between the Landlord and the Debtor, respectfully sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

1. In opposing the Motion, the Debtor ignores precedent well established in this District and across the country and aims to deprive the Landlord of its bargained-for rights under

the Lease and the Letter of Credit. For this reason, and those set forth below, the Landlord respectfully requests that this Court grant its Motion.

## ARGUMENT

2. The Debtor raises the following arguments in opposition to the Landlord's Motion: (i) "the Landlord incorrectly maintains that a letter of credit is never property of the estate," and in fact, collateral pledged as security for the Letter of Credit is property of the estate, and thus, here, there will be "immediate and adverse consequences" to the estate if the Motion is granted; (ii) the Landlord has not sent a notice of default, a precondition to drawdown of the Letter of Credit; and (iii) the Motion is "premature" because the Debtor has not yet assumed or rejected the Lease; the Landlord's potential rejection damages claim is subject to a duty of mitigation, and hence, the amount of the claim is unclear; and the pre-petition arrears under the Lease do not justify "disturbing the status quo." Debtor's Opposition (ECF 171) ¶¶ 1, 11-13.

3. Each of these arguments lacks merit. First, for the purposes of this Motion, the Landlord has no interest in any alleged collateral, such as cash, securing the Letter of Credit, or any other property of the estate.[1] Instead, it merely seeks to enforce the Letter of Credit consistent with its rights under the Lease. As the Landlord noted in its Motion, it is axiomatic that a letter of credit and its proceeds do not constitute property of the estate. Motion (ECF 130) ¶ 19. The Debtor ignores this authority.

4. Moreover, insofar as the Debtor relies on <u>Kellogg v. Blue Quail Energy, Inc. (In re Compton Corp.)</u> and <u>Twist Cap. Inc. v. Southeast Bank of Tampa (In re Twist Cap, Inc.)</u> for the proposition that this authority is "incorrect," such reliance is misplaced. In <u>Compton</u>, the

---

[1] The Debtor itself refers to "*potential* funds held by the Bank." Debtor's Opposition ¶ 1. The Debtor submits no proof on the issue. Thus, it is unclear whether the Debtor actually pledged collateral in support of the Letter of Credit. In any event, as set forth below, the issue is irrelevant.

court expressly noted: "[A] bankruptcy trustee is not entitled to enjoin a post-petition payment of funds under a letter of credit from the issuer [i.e., bank] to the beneficiary [i.e., creditor], because such a payment is not a transfer of debtor's property." 831 F.2d 586, 589 (5th Cir. 1988). Thus, in Compton, the trustee did not argue that the letter of credit at issue was not property of the estate, or seek to prevent post-petition payments made by a bank to a supplier under the letter of credit. Id. at 590. Instead, the trustee sought to avoid as a preferential transfer an increased security interest granted in connection with a letter of credit. Id.

5.    Meanwhile, here, the Landlord, as beneficiary under the Letter of Credit, seeks post-petition payment of funds under the Letter from a bank, the type of relief which was allowed in Compton. Also, the Letter of Credit was issued years ago; hence, there is no preferential transfer issue here. It follows that Compton does not support the Debtor's argument. In truth, it supports the Landlord's argument.

6.    As for Twist Cap, a Florida case from 1979, the court there addressed a challenge to its jurisdiction to restrain a bank from honoring letters of credit. 1 B.R. 284 (Bankr. M.D. Fla. 1979). Thus, the court did not even address the underlying merits. Moreover, interestingly, unlike the debtor in Twist Cap, the Debtor has not sought injunctive relief. The Debtor presumably recognizes that such an effort would be futile given the authority cited in the Landlord's Motion. In any event, the court in Compton observed that the Twist Cap case "has been roundly criticized and otherwise ignored by courts and commentators alike." 831 F.2d at 589-90. Thus, for a variety of reasons, Twist Cap does not support the Debtor's position either.

7.    Thus, the Debtor's first argument fails.

8.    Second, a cursory review of the Motion and the proposed order indicates that the Landlord seeks relief from the automatic stay in order to issue the required default notice.

3

Motion ¶ 18; Exh. C.  Otherwise, based on the authority cited in its Motion, the Landlord does not even need relief from the automatic stay to actually draw down on the Letter of Credit.  Id. ¶ 19.  Thus, the Debtor's second argument fails as well.

9. Third, as the Debtor acknowledges, enforcement of the Letter of Credit is subject to only one condition: a continuing default under the Lease.  Opposition ¶ 4 (quoting Lease).  The Debtor does not dispute that it has defaulted in the payment of rent and taxes owed under the Lease.  Thus, under the plain terms of the Lease, the Landlord is entitled to draw down on the Letter of Credit.  It follows that issues such as the Debtor's ultimate treatment of the Lease, any duty to mitigate, or the extent of the default are irrelevant.

10. Further, given the Debtor's failure to indicate whether the Lease will be assumed or rejected, any consideration of a rejection damages claim – which even the Debtor itself characterizes as only "potential" – is purely speculative.  If anything, the Debtor's delay supports the Landlord's right to relief.  Further, the Debtor fails to mention that enforcement of the Letter of Credit will only reduce the Landlord's ultimate claim against the estate.

11. Finally, the Letter of Credit is set to expire on May 1.  This fact by itself disproves the contention that the Landlord's request for relief is "premature."  On the contrary, if the Motion is denied and the status quo preserved, it will be the Landlord which suffers "immediate and adverse consequences" in violation of its rights under the Lease and Letter of Credit to which the Debtor agreed.

12. Thus, the Debtor's third argument is likewise unavailing.

13. Accordingly, for all of these reasons, the Debtor fails to rebut the Landlord's position.

**WHEREFORE**, the Landlord respectfully requests that this Court grant its Motion and grant in the Landlord's favor such other and further relief as is just. Also, the Debtor does not dispute that the 14 day stay under Bankruptcy Rule 4001(a)(3) is unnecessary here; thus, the Landlord respectfully requests that the stay be waived.

Dated: West Orange, NJ
        February 26, 2016                         Respectfully submitted,

                                                         **TRENK, DiPASQUALE,**
                                                         **DELLA FERA & SODONO, PC**
                                                         Richard D. Trenk
                                                         Henry M. Karwowski
                                                         347 Mount Pleasant Ave, Suite 300
                                                         West Orange, NJ 07052
                                                         Tel: (973) 243-8600
                                                         Fax: (973) 243-8677
                                                         Attorneys for Midway Industrial Terminal, LLC

                        By:

                                                         */s/ Henry M. Karwowski*
                                                         Henry M. Karwowski

4823-1255-7614, v. 1