UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
JOYCE LESLIE, INC.,                                              :   Case No. 16-22035 (RDD)
                                                                 :
                        Debtor.                                  :
---------------------------------------------------------------- x

**STIPULATION BETWEEN THE DEBTOR AND LEVIN PROPERTIES L.P.
RESOLVING OBJECTION TO PROPOSED CURE COSTS**

This Stipulation (the "Stipulation") is entered into by and between Joyce Leslie, Inc. (the "Debtor") and Levin Properties L.P. (the "Landlord"). The Debtor and the Landlord shall be collectively referred to herein as the "Parties," and the Parties agree as follows:

WHEREAS, on January 9, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and thereby commenced a chapter 11 case in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

WHEREAS, the Landlord is the owner of a shopping center located at 1701-63 Rt. 22 West, Wachung, NJ 07866, at which the Debtor formerly operated a retail store pursuant to a nonresidential real property lease (the "Lease"); and

WHEREAS, on or about January 14, 2016, the Debtor filed a motion [Doc. No. 43], as subsequently bifurcated, seeking, among other things, (a) authorization to enter into a certain stalking horse Agency Agreement providing for a liquidation sale of the Debtor's store inventory and furniture, fixtures, and equipment, and (b) authorization for related bidding procedures for an auction to consider higher and better proposals for the liquidation process; and

WHEREAS, on January 25, 2016, the Landlord filed an objection to the Debtor's proposed sale [Doc. No. 79] which, among other things, expressly reserved the right to dispute

the Debtor's proposed cure amount and to collect (i) all year-end adjustment or other amounts that are due and payable under any Lease, and (ii) all attorneys' fees and costs incurred with respect to the enforcement of the Leases; and

WHEREAS, on February 23, 2016, after notice and a hearing, the Court entered its "Order Approving Results of Second Auction Relating to the Sale of Certain of the Debtors' Leases and Intellectual Property to Rainbow Northeast Leasing, Inc. (the "Rainbow Sale Order") [Docket No. 172], pursuant to which the Lease was assumed and assigned to Rainbow USA Inc.; and

WHEREAS, pursuant to the Rainbow Sale Order, all unresolved cure objections were adjourned and the Debtor, among other things, (i) established a cure cost reserve that included all claims for reasonable attorney's fees and expenses, and (ii) maintained an escrow reserve for 2015 year-end reconciliations; and

WHEREAS, although the Parties initially exchanged information concerning the cure cost, no agreement was reached, and the Debtor requested additional documentation in support of the Landlord's claim; and

WHEREAS, on or about January 9, 2017, the Landlord provided additional documentation in support of its cure claim, and shortly thereafter by notice dated January 20, 2017 moved to compel payment of its alleged cure claim; and

WHEREAS, the Debtor has now completed its review of the documentation provided in support of the cure claim, which (i) properly gives the Debtor credit for certain post-petition payments that were not initially credited by the Landlord; and (ii) includes full documentation in support of the balance of the cure claim, including the calculation of certain pro rations for the

2

period between the Chapter 11 filing and the assumption of the Lease, and excludes any charges for the period after the assumption;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, as follows:

1. The Debtor shall pay to the Landlord the amount of $6,513.94 in full satisfaction of all monies due to the Landlord with respect to the Lease that was assumed and assigned (the "Settlement Amount").

2. Within five (5) business days of approval of this Stipulation by the Bankruptcy Court, the Debtor shall deliver to counsel for the Landlord a check for payment of the Settlement Amount.

3. Upon clearance of the check enumerated in paragraph 2 of the Stipulation, all claims asserted by the Landlord against the Debtor shall be deemed resolved and satisfied. To the extent that the Landlord filed a formal proof of claim, the Landlord shall file a notice of withdrawal of such proof of claim.

4. This Stipulation may not be modified, amended, or vacated other than by a signed writing executed by the Parties.

5. This Stipulation shall be effective upon approval by the Bankruptcy Court, which shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation.

6. By their signatures hereto, each of the undersigned parties represents that it has been duly authorized and empowered to execute this Stipulation on behalf of its respective client.

7. This Stipulation and all the provisions hereof shall be binding upon and shall inure to the benefit of the Parties, each of their respective successors and assigns, and all entities claiming by or through any of the Parties.

8. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

| | |
|---|---|
| Dated: Lawrenceville, New Jersey<br>February 6, 2017 | Dated: New York, New York<br>February 7, 2017 |
| **STARK & STARK PC** | **GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP** |
| By: /s/ Joseph Lemkin<br>Stark & Stark P.C.<br>993 Lenox Drive<br>Lawrenceville, NJ 08648<br>*Attorneys for Levin Properties L.P.* | By: /s/ Kevin J. Nash<br>1501 Broadway, 22nd Floor<br>New York, New York 10036<br>*Attorneys for the Debtor* |

**ACKNOWLEDGED BY:**

Dated: New York, New York
      February 8, 2017

**COOLEY LLP**

By: /s/ Jay Indyke
    The Grace Building
    New York, New York 10036

*Attorneys for the Official Committee of Unsecured Creditors*

**SO ORDERED** this 9th day of February, 2017

/s/Robert D. Drain
Hon. Robert D. Drain
United States Bankruptcy Judge