UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                          Chapter 11

JOYCE LESLIE, INC.                                                            Case No. 16-22035 (RDD)

                                                Debtor.
---------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S AMENDED PLAN OF LIQUIDATION

Joyce Leslie Inc., the debtor and debtor in possession herein (the "Debtor"), having filed its Amended Plan of Liquidation, dated December 28, 2016 (the "Plan") (ECF #391), together with an Amended Disclosure Statement, dated December 21, 2016 (the "Disclosure Statement") (ECF #390); and this Court having approved (i) the Disclosoure Statement, (ii) procedures for the solicitation and tabulation of votes to accept or reject the Plan, (iii) deadlines for voting on, and objecting to, the Plan, and (iv) setting February 10, 2017 as the date for the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and the Plan and Disclosure Statement having been transmitted to all creditors and other parties-in-interest as evidenced by the certificate on file with the Court (ECF #394); and, after due and sufficient notice, no objections to the Plan and having been filed, received or interposed; and the Confirmation Hearing having been conducted as scheduled; and the Court having considered the (i) Declaration of Lee Diercks in Support of Confirmation of the Plan (ECF# 406) (the "Diercks Declaration") and (ii) the Declaration of Paul Deutch on behalf of Rust Consulting/Omni Bankruptcy with respect to solicitation and tabulation of votes, dated February 8, 2017 (ECF # 409); and based upon the proffer made by the Debtor's counsel, Kevin J. Nash, and the record compiled at Confirmation Hearing, the Court makes the following Findings of Fact and in support of confirmation of the Plan.

1

**FINDINGS OF FACT**

A.     The Bankruptcy Court has jurisdiction over the Debtor's bankruptcy case and the Debtor's request for confirmation of the Plan pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(a). Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) that the Court may decide by final order.

B.     Due and proper notice of the Confirmation Hearing and the Debtor's request for confirmation of the Plan has been given to all known creditors and other-parties-in-interest in accordance with the procedures established by the Court.

C.     The solicitation by the Debtor of votes to accept or reject the Plan was proposed and conducted in good faith and complied with the applicable provisions of Bankruptcy Code and Bankruptcy Rules.

D.     The sole impaired class of claims, the holders of Class 4 Claims, have accepted the Plan by a significant majority of voting creditors.

E.     Priority Class 1 Claims are Unimpaired under the Plan and, therefore, such Class is deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

F.     The Plan contemplates adequate means for its execution and implementation based upon the distribution of all residual net cash proceeds in the Debtor's estate in accordance with bankruptcy priorities.

G.     The Plan complies with all applicable provisions of the Bankruptcy Code and has been promulgated in good faith and not by any means forbidden by law.

H.     As required by Section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor for services or for costs and expenses in connection with the

bankruptcy case or in connection with the Plan, are subject to the approval by this Bankruptcy Court as being reasonable.

I. The Debtors has disclosed the identity of Lee Diercks as the Plan Administrator.

J. The Plan provides for treatment of the Allowed Administrative Claims and Allowed Priority Tax and Non-Tax Claims pursuant to Section 507(a) of the Bankruptcy Code in accordance with Section 1129(a)(9) of the Bankruptcy Code.

K. As required by Section 1129(a)(10) of the Bankruptcy Code, and as demonstrated by the Plan Vote Certification, at least one Impaired Class of Claims has accepted the Plan.

L. The Plan is feasible based upon the availability of sufficient funds to pay all allowed administrative and priority claims in full.

M. All fees payable pursuant to 28 U.S.C. §1930 shall be paid by the Debtor until this case is closed and entry of a final decree.

Now, therefore, finding that the Plan is confirmable based upon, *inter alia*, all of the foregoing Findings of Fact, this Court HEREBY ORDERS AND DIRECTS that:

1. The Plan is confirmed in accordance with Section 1129(a) of the Bankruptcy Code.

2. On the Plan's Effective Date, Lee Diercks shall succeed to the position of Plan Administrator and shall perform the duties of the Plan Administrator in accordance with the terms of the Plan and the powers conferred thereunder.

3. The Debtor and the Plan Administrator are authorized to take such steps and perform such acts as may be necessary, useful or appropriate to implement and effectuate the Plan pursuant to its terms and all other related instruments and documents and this Confirmation Order.

4. Pursuant to Section 1141(a) of the Bankruptcy Code, except as provided in Section 1141(d)(3) of the Bankruptcy Code, from and after the Effective Date, the Plan shall be binding upon the Debtor, all Holders of Claims against and Equity Interests in the Debtor and any other party-in-interest, together with their respective successors and assigns, regardless of whether the Claims or Equity Interests of such Holders of obligations of any party-in-interest (i) are in a Class that is Impaired under the Plan, (ii) have accepted the Plan, or (iii) have filed a Proof of Claim in the Cases.

5. Except as otherwise provided in the Plan or this Confirmation Order, all Persons who have held, hold or may hold Claims against or Interests in the Debtor are, with respect to any such Claims or Interests, permanently enjoined after the Effective Date from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, or any of its property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or Order against the Debtor or any of its property; and (iii) creating, perfecting or otherwise enforcing in any manner, directly, or indirectly any encumbrance of any kind against the Debtor its property provided, however, that nothing contained herein shall preclude such Persons from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of the Plan.

6. Professionals seeking an award by the Bankruptcy Court of an Allowed Administrative Claim on account of Professional Fees incurred from the Petition Date through and including the Effective Date (i) shall, no later than forty-five (45) days after the Effective

4

Date, file a final application for allowance of compensation for services rendered and reimbursement of expenses incurred through and including the Effective Date, and (ii) shall receive, as soon as reasonably practicable after such claim is Allowed, in full settlement, satisfaction and release of, and in exchange for, such Allowed Administrative Claim, Cash in an amount equal to the unpaid amount of such Allowed Administrative Claim in accordance with the Order relating to or allowing any such Administrative Claim.

7.      To the extent of any inconsistency between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall govern.

8.      Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Claims Agent shall file and serve notice of entry of this Confirmation Order (the "<u>Notice of Confirmation Order and Effective Date</u>") on all creditors and interest holders, the U.S. Trustee, and all other parties in interest entitled to receive notice in this Chapter 11 case, by causing the Notice of Confirmation Order to be delivered to such parties by first-class mail, and postage prepaid.

9.      Any stay of this Confirmation Order provided by any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 3020(e)) is hereby waived, and this Confirmation Order shall be effective and enforceable immediately after its entry by the Bankruptcy Court.

10.     The Debtor shall file quarterly post-confirmation disbursement and status reports by the 20th day following the conclusion of the relevant quarter, until this case is closed by means of a final decree, converted to a case under chapter 7, or dismissed, whichever happens earlier.

11.     Within 14 days following the full administration of the Debtor's estate, the Debtor shall file, on notice to the United States trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

12. The Debtor shall be responsible to pay all fees owed to the U.S. Trustee under 28 U.S.C. §1930, together with any applicable interest thereon, until a final decree is entered in this case or until the case is converted or dismissed, whichever happens earlier.

13. The Debtor shall schedule quarterly post-confirmation status conferences in this case until the case is closed by means of a final decree, converted, or dismissed, whichever happens earlier.

Dated: White Plains, New York
　　　　February 27, 2017

　　　　　　　　　　　　　　　　　　　　　　　　/s/Robert D. Drain_____
　　　　　　　　　　　　　　　　　　　　　　　Hon. Robert D. Drain
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge